IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2147-GPG-STV

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**ROBERT BRIAN WATSON and WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS,**

    Defendants.

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MOTION TO ALLOW NON-PARTY WITNESS ALAN ABRAMS TO
TESTIFY BY REMOTE MEANS AT TRIAL**

Plaintiff Securities and Exchange Commission (the "SEC"), pursuant to Fed. R. Civ. P. 43(a) and GPG Civ. Practice Standard 43.1D(c), respectfully requests that the Court allow one out-of-state, non-party fact witness, Alan Abrams, to testify by remote means, such as Zoom or a similar web-based platform, at the upcoming trial of this matter. In support thereof, the SEC states as follows:

<u>Certification of Conferral Pursuant to D.C.COLO.LCivR 7.1(a)</u>

Undersigned counsel for the SEC has conferred with Defendants' counsel regarding the relief sought herein. Defendants are opposed to Mr. Abrams testifying remotely but did not offer a reason for their opposition.

1.    Under Fed. R. Civ. P. 43(a), a court "may permit testimony in open court by contemporaneous transmission from a different location" when there is "good cause in compelling circumstances and with appropriate safeguards." "'Video transmission ordinarily

2

should be preferred when the cost is reasonable in relation to the matters in dispute, the means of the parties, and the circumstances that justify transmission.'" Fed. R. Civ. P. 43, advisory committee's note to 1996 amendment (quoted in *Wadsworth v. Walmart Inc.*, No. 2:23-CV-118-KHR, 2025 WL 1495357, at *1 (D. Wyo. Feb. 27, 2025)).

2.  Here, there exists good cause in compelling circumstances to permit Mr. Abrams to testify by remote means. First, Mr. Abrams' expected direct testimony is limited in scope and is anticipated to take less than one hour. Mr. Abrams invested in projects that will be at issue in trial and is expected to testify primarily about representations Defendants made to him and the reasons for his investments. His expected testimony is discrete and not controversial.

3.  Second, Mr. Abrams resides more than 1,000 miles away and flying him from Florida to Denver, Colorado to testify in person, instead of by readily accessible remote means, would require an amount of time, cost, and effort disproportionate to the limited testimony the SEC plans to elicit from him. See *Barrera-Quintero v. Holder*, 699 F.3d 1239, 1249 (10th Cir. 2012) (officer permitted to testify remotely as he was "hundreds of miles away" from where the hearing took place).

4.  Third, Mr. Abrams is scheduled to travel—having already purchased airline tickets—from Florida to Houston, Texas early on the morning of January 27, 2026. Travelling to Denver, Colorado to testify on January 26, 2026 would make it very difficult for Mr. Abrams to get back in time to make his flight to Houston. Fourth, Mr. Abrams advised that he is the primary caretaker for a family member who resides with Mr. Abrams in Florida. Arranging for alternative caretaking would impose a burden upon Mr. Abrams that, again, is disproportionate to his limited testimony.

5.	As to appropriate safeguards, the SEC will set up the necessary technology in advance of Mr. Abrams' testimony to ensure smooth presentation of testimony at trial. Further, Mr. Abrams has indicated that he has the proper equipment to testify by Zoom or a similar web-based platform and can testify from an appropriate location. The SEC will also ensure that Mr. Abrams possesses exhibits, if any, that may be referred to during his testimony. *See Martinez v. Continental Tire the Americas, LLC*, No., 2022 WL 2290597, at *2 (D.N.M. June 24, 2022) (citing Fed. R. Civ. P. 43(a)).

WHEREFORE, for the foregoing reasons, the SEC respectfully requests that Alan Abrams be permitted to testify by remote means at the upcoming trial of this matter.

Respectfully submitted this 4th day of December, 2025.


By:	*/s/ Jodanna L. Haskins*
Terry R. Miller
Jodanna L. Haskins
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
Denver Regional Office
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000
millerte@sec.gov
haskinsjo@sec.gov

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 4th day of December, 2025, I electronically filed the foregoing and served the same on counsel of record using the CM/ECF system.

                */s/ Jodanna L. Haskins*