IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 22-cv-02147-GPG-STV

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROBERT BRIAN WATSON and
WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS,

    Defendants.

## ORDER

Before the Court are the SEC'S Motion In Limine to Exclude Evidence of Advice of Professionals and Evidence of Good Acts and Other Impermissible Character Evidence (D. 67) and SEC'S Motion In Limine (D. 72). The Court GRANTS IN PART and DENIES IN PART the motions for the following reasons.

### I. BACKGROUND

This civil action arises from a series of real estate investments.[1] Plaintiff United States Securities and Exchange Commission (SEC) seeks to hold Defendants Robert Brian Watson and WDC Holdings LLC d/b/a Northstar Commercial Partners liable for federal securities fraud violations based on allegations that they deceived investors in real estate projects by falsely

---

[1] The Court draws the relevant background from the Undisputed Material Facts determined at summary judgment (D. 61 at 1–4) and the Final Pretrial Order (D. 75).

1

promising co-investment of their own money alongside that of such investors (D. 57 at 1). Defendants deny any wrongdoing.

In its first motion *in limine*, the SEC seeks to bar Defendants from presenting "[e]vidence and argument about the involvement of counsel" extending to any "references to attorneys' or other professionals' review of documents" related to the transactions (D. 67 at 3). It also seeks exclusion of evidence related to other transactions where Defendants coinvested (*id*. at 13)

In its second motion *in limine*, the SEC seeks to exclude "[e]vidence and argument that the generic disclaimers" found in offering documents for the real estate investments "limit the information investors can rely on" (D. 72 at 2). It also seeks to bar testimony of alleged investor Richard Blaha as untimely disclosed (*id*. at 4).

## II.  LEGAL STANDARDS

Motions *in limine* enable the court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Michael v. Rocky Mountain Festivals, Inc.*, No. 1:16-CV-02969-SKC, 2019 WL 10011881, at *1 (D. Colo. July 19, 2019) (citation omitted). However, such rulings are often better left until trial when the Court can assess the question and evidence presented. *Vanderheyden v. State Farm Mut. Auto. Ins. Co.*, No. 20-CV-03182-CMA-MEH, 2022 WL 4131439, at *2 (D. Colo. Sept. 12, 2022). The movant has the burden of establishing that the "evidence is inadmissible on any relevant ground." *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, No. 17-CV-01595-CMA-NRN, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (citation omitted); *see also Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard [of clearly inadmissible],

2

evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

### III. ANALYSIS

#### A. References to Counsel and Other Professionals

"The elements of" an advice of counsel "defense require a showing of 1) a request for advice of counsel on the legality of a proposed action, 2) full disclosure of the relevant facts to counsel, 3) receipt of advice from counsel that the action to be taken will be legal, and 4) reliance in good faith on counsel's advice." *C.E. Carlson, Inc. v. SEC*, 859 F.2d 1429, 1436 (10th Cir. 1988) (citations omitted). The "counsel also must be independent." *Id*.

"An advice-of-counsel defense serves to negate intent." *In re Wheeler*, No. 24-6215, 2025 WL 2651279, at *4 (10th Cir. Sept. 16, 2025) (citing *C.E. Carlson*, 859 F.2d at 1436). "Good faith reliance on counsel, however, is not a complete defense, but is merely one factor a jury may consider when determining whether a defendant acted willfully." *United States v. Wenger*, 427 F.3d 840, 853 (10th Cir. 2005); *see also SEC v. Lek Sec. Corp.*, No. 17-cv-1789 (DLC), 2019 WL 5703944, at *3 (S.D.N.Y. Nov. 5, 2019).

Defendants concede that they "are not asserting an advice-of-counsel defense and will not argue that any attorney 'blessed' their conduct" (D. 70 at 1). They, however, intend to "introduce limited, non-privileged evidence showing that the preparation of these documents involved professionals as part of the ordinary course of business" (*id*.). Defendants assert that such evidence

is "relevant to Defendants' good faith, directly negates scienter, and rebuts the SEC's contention that Defendants acted unreasonably or negligently" (*id*. at 2).[2]

Defendants primarily rely on two cases to support their argument that the evidence is admissible, *SEC v. Tourre*, 950 F. Supp. 2d 666 (S.D.N.Y. 2013), and *SEC v. Ferrone*, 163 F. Supp. 3d 549 (N.D. Ill. 2016).

The *Ferrone*, case has essentially no persuasive force. The *Ferrone* court denied the SEC's motion *in limine* without prejudice essentially because the briefing was unclear as to what evidence was challenged and the full basis for the challenge. *Ferrone,* 163 F. Supp. 3d at 571. Here, by contrast, the SEC has articulated the basis for its challenge and, particularly by reference to the summary judgment record, what evidence and argument is challenged (D. 67 at 4–14). Defendants characterize the *Ferrone* decision as "allow[ing] the jury to hear the evidence," but it does no such thing (D. 70 at 4). It merely reserves the issue for at least the pretrial conference. *Ferrone,* 163 F. Supp. 3d at 571.

By contrast, *Tourre* is a foundational case that has been followed by many other courts in strictly limiting evidence that attorneys and other professionals were involved in preparing securities disclosures. The *Tourre* court explained:

> The rules of evidence most applicable to the Court's ruling on this issue are 401 (relevance) and 403 (undue prejudice, confusion). Both rules come into play here, given Tourre's concession that he

---

[2] To prevail on its claims under Section 10(b) and Rule 10b-5, the SEC bears the burden of proving: (1) a material misrepresentation; (2) in connection with the purchase or sale of a security; (3) scienter; and (4) use of the jurisdictional means. *SEC v. Maxxon, Inc.*, 465 F.3d 1174, 1178 (10th Cir. 2006). The SEC's claims under Section § 17(a) require it to prove essentially the same elements. *See SEC v. Wolfson*, 539 F.3d 1249, 1256 (10th Cir. 2008). The SEC must establish: (1) a material misrepresentation; (2) in the sale of securities; (3) use of the jurisdictional means; and (4) the specified mental state. *Id.*; *SEC v. C. Jones & Co.*, 312 F. Supp. 2d 1375, 1379 (D. Colo. 2004). The principal difference between claims under § 17(a) and claims under § 10(b) lies in the element of scienter. *Wolfson*, 539 F.3d at 1056. Claims under 17(a)(1) require a showing of scienter, while claims under 17(a)(2) and 17(a)(3) require a showing of negligence. *Id.*; *Aaron v. SEC*, 446 U.S. 680, 696-97 (1980).

4

> will not be able to prove the required elements of a reliance on advice of counsel defense. It would be confusing and unduly prejudicial for Tourre to present extensive evidence on the presence and involvement of lawyers—who are presumably paid to ensure that any disclosures comply with the relevant legal requirements—while at the same time professing not to have relied on their advice in preparing or disseminating those disclosures. Much of that testimony would also be irrelevant, given Tourre's intention not to present a reliance on counsel defense. Tourre argues that the presence of lawyers is relevant to the overall context of the transaction, but that is such a fine-grained distinction from a reliance on counsel defense, that it would likely confuse the jury. A lay jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly "blessed" the legality of all aspects of a transaction. Likewise, the fact that lawyers saw and commented on disclosure language could be understood as "blessing" the sufficiency of that disclosure. This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.

*Tourre*, 950 F. Supp. 2d at 684. The *Tourre* court "preclude[d] evidence relevant solely to show that lawyers attended meetings or set up meetings" and "from placing undue focus on the fact of a lawyer's presence at a meeting or that counsel reviewed disclosures." *Id*. It did, however, allow the defendant to "present evidence tending to show that he was not the person primarily responsible for the transaction and that the transaction occurred in the context of a sophisticated financial institution." *Id*.

The Court finds the analysis in *Tourre* persuasive and applicable to this case. Here too Defendants will not present an advice-of-counsel defense and evidence that attorneys and other professionals were involved in reviewing the challenged disclosures is likely to confuse and mislead the jury. As such, the involvement of attorneys and other professionals lacks substantial relevance and would be unduly prejudicial. Accordingly, the Court grants the SEC's request in part by precluding evidence the involvement of attorneys or professionals in reviewing disclosures

or focus on the fact of a lawyer or other professional's presence. Defendants may not suggest that counsel or any other professional "blessed" the relevant disclosures, and the Court precludes evidence that can only be intended to make that point. Before Defendants make reference to any attorneys or professionals reviewing disclosures, they must address the issue with the Court outside the hearing of the jury. *See SEC v. Kokesh*, No. 09-cv-1021 SMV/LAM, 2014 WL 11516545, at *3 (D.N.M. July 21, 2014).

### B. Evidence of "Good Acts"

Part of the context of this case is that, prior to the challenged disclosures and related transactions, Defendants had a history of investing in their own projects (*see* D. 61 at 8).

The SEC argues that the Court should exclude evidence related to these earlier transactions as inadmissible character evidence under Rule 404(a) and (b) (D. 67 at 15). It also challenges the evidence under Rule 403 as potentially confusing (*id*. at 19).

The Court is not persuaded that a person or entity's investments activity is indicative of "character or [a] character trait" in this context such that Rule 404(a) or (b) would apply. In this context, the challenged evidence is more akin to a "person's habit or an organization's routine practice" admissible under Rule 406. The evidence also does not show a substantial danger of confusion relative to its probative value. The key issue in this case is whether Defendants believed they would continue to co-invest at the same rate that they had done in the past (D. 61 at 4, 7–8). Evidence of their past investment activity has substantial probative value in showing whether Defendants believed the allegedly misleading statements and the materiality of those statements. Accordingly, the Court will deny the SEC motion *in limine* regarding this evidence.

### C. Arguments and Evidence of Reliance

The SEC argues that the disclaimers contained in the challenged disclosures are irrelevant because the "SEC does not need to prove reliance" in an enforcement action such as this (D. 72 at 2). This is a too limited evaluation of potential relevance of such disclaimers. As Defendants point out, the disclaimers are also relevant to materiality because they may affect how the disclosures were viewed by potential investors (D. 74 at 2). Because the SEC has not shown that such shown this evidence is inadmissible, the Court will deny the SEC motion *in limine* regarding this evidence.

### D. Testimony of Richard Blaha

The SEC seeks exclusion of potential witness Richard Blaha on the basis that he was not disclosed until Defendants filed their witness list in the proposed pretrial order (D. 72 at 5). Defendants did not address this request in their response and removed Mr. Blaha from its witness list (D. 74; D. 80). Accordingly, the Court grants this request as conceded.

### IV. CONCLUSION

Accordingly, the SEC'S Motion In Limine to Exclude Evidence of Advice of Professionals and Evidence of Good Acts and Other Impermissible Character Evidence (D. 67) and SEC'S Motion In Limine (D. 72) are GRANTED IN PART and DENIED in PART. It is FURTHER ORDERED that evidence related to the involvement of attorneys and other professionals and the testimony of Richard Blaha is excluded as discussed above.

DATED December 16, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge