IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2147-GPG-STV

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**

 Plaintiff,

v.

**ROBERT BRIAN WATSON and WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS,**

 Defendants.

---

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MOTION TO DIMISS CLAIMS 3 AND 5 IN ITS COMPLAINT**

---

 Plaintiff Securities and Exchange Commission submits this motion to dismiss two claims against Defendant Robert Brian Watson for aiding abetting violations of Defendant WDC Holdings LLC ("Northstar").

 The SEC's Complaint alleges fraud claims against each Defendant under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5] (Claim 1, Compl. ¶¶ 153-155), and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] (Claim 4, Compl. ¶¶ 162-164). Alternatively, the SEC alleges that Watson is liable as a control person of Northstar under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] (Claim 2, Compl. ¶¶ 156-158). This motion does not seek relief with respect to these claims.

 The SEC's Third and Fifth Claims allege that Watson aided and abetted Northstar's violations of Section 10(b) of the Exchange Act and Rule 10b-5 (Claim 3,

1

Complaint ¶¶ 159-161) and Northstar's violation of Section 17(a) of the Securities Act (Claim 5, Complaint ¶¶ 165-167). Together, Claim 3 and Claim 5 are referred to in this motion as the "Aiding and Abetting Claims."

The SEC seeks to dismiss the Aiding and Abetting Claims to streamline trial. Dismissal of these claims will have a minimal impact on the presentation of evidence at trial, jury instructions, and the verdict form.

The only change required by this dismissal to the stipulated proposed instructions submitted by the parties on November 28, 2025, is the removal of the instruction entitled "Third Claim – Aiding and Abetting" at page 50 of the stipulated proposed instructions. The only changes to the stipulated verdict form required by the dismissal are the removal of "Claim 3" and a renumbering of Control Person Claim to "Claim 3" and renumbering question "7" to question "5". The SEC can submit revised stipulated instructions and stipulated verdict form at the Court's request.

The SEC conferred with counsel for Defendants about the relief requested in the motion by phone on January 14, 2026. Counsel for Defendants have not stated Defendants' position on the relief requested in this motion.

Accordingly, because the requested dismissal will not prejudice any party and will streamline trial on the SEC's remaining claims (Claims 1, 2, and 4), the SEC moves to dismiss the Aiding and Abetting Claims asserted in its Complaint (Claims 3 and 5).

Respectfully submitted this 16th day of January, 2026.

                By:    */s/ Terry R. Miller*
                      Terry R. Miller
                      Jodanna L. Haskins
                      Attorneys for Plaintiff
                      UNITED STATES SECURITIES AND
                      EXCHANGE COMMISSION
                      Denver Regional Office
                      1961 Stout Street, 17th Floor
                      Denver, Colorado 80294
                      (303) 844-1000
                      millerte@sec.gov
                      haskinsjo@sec.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of January, 2026, I electronically filed the foregoing and served the same on counsel of record using the CM/ECF system.

                    <u>/s/ Terry R. Miller</u>